Judge Simpson
delivered the opinion, of the Court.
Moore brought an action of debt on the statute of 1831, (1 vol. Stat. Law, 715,) against Foster, who was the owner and keeper of a ferry across the Ohio river, for the penalty imposed on him as such, by the act, for conveying over said river a slave, the property of the plaintiff.
The keeper of a ferry is authorized by the. statute, to' take a slave across the river in the presence and company of the owner, or at his request. Whether a person who hires a slave, and has him in his employment at the time, can according to the true meaning and construction of the statute be denominated the owner, and authorize the keeper of a ferry to eonvey him acrosss the Ohio river, is the main question presented in this case.
The hirer of a slave is in legal contemplation the owner for the time that he has him hired. So far as the interest of the absolute owner may be affected, he has no authority to do any act which would operate to his prejudice or the violation of his rights. But as the owner invests the hirer with the right of commanding the services, and he is Hot only apparently, but really the owner of the slave for the time being, by virtue of the contract of hiring, his presence and direction to do 30, must be regarded as sufficient under the statute to *256 authorize the owner of a ferry to transfer the slave across the river.
Such consent given by the hirer would render him liable to the owner in case of the escape of the ■slave.
Tho’ the verdict of the jury may be against the weight oi the evidence, if it 6e not flagrantly so nb new trial can be granted for that cause.
B. Sf A. Monroe and Benton for plaintiff.
This construction is sanctioned by the consideration that the act is highly penal in its provisions, not only imposing a penalty upon the owner of the ferry, and making him responsible for the value of the slave, but also subjecting him to a forefeiture of his ferry franchise, and rendering him unable to be the grantee of the same right at any future period. In view of the penal character of the statute, a construction requiring him to distinguish between the owner of the absolute property in the slave, and the owner for a limited time by a contract of hiring, and to regal’d the presence of the former, but not of the latter, as a sufficient authority, would he unnecessarily harsh and rigorous.
If the hirer should convey the slave across the Ohio river, without any authority from the owner, he would no doubt render himself liable to the latter for any injury he might sustain by the unauthorized act. This liability of the hirer, the owner of the slave must rely upon for his indemnity, as the keeper of a ferry, in our opinion, does not incur the penalties of the statute, when the hirer authorizes him to take the slave across the river.
The same exposition of the statute was given by the Court below in its instructions to the jury, and consequently, if the testimony authorized the verdict of the jury in favorjof the defendant, there is no error in the judgment.
Although we are inclined to the opinion that the verdict of the jury was against the weight of evidence, yet it is not so flagrantly wrong as to authorize this Court to disturb it, in. opposition to the decision of the Court below sustaining it, upon a motion for a new trial.
Wherefore, the judgment is affirmed.